# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-2674

_____

United States of America

*Plaintiff - Appellee*

v.

Gregory Shawn Berry

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 17, 2026
Filed: July 23, 2026

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

After Gregory Berry pled guilty to one count of making a false statement in acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6), the district court[1] sentenced him to 48 months' imprisonment, followed by 3 years' supervised release.

_____

[1]The Honorable Timothy L. Brooks, Chief Judge, United States District Court for the Western District of Arkansas.

Berry appeals, arguing that the district court procedurally erred and imposed a substantively unreasonable sentence.  Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

This case arises from an Alcohol, Tobacco, Firearms, and Explosives (ATF) Suspicious Activity Report regarding Berry's bulk purchase of firearms.  Law enforcement investigators subsequently determined that between 2018 and 2024, Berry purchased over 180 firearms from several Federal Firearms Licensed (FFL) dealers in Arkansas; thirteen of these guns were later seized at crime scenes.

After executing a search warrant on Berry's residence and his vehicle, investigators recovered over 100 firearms.  They also found price tags on many of the firearms, and the listed prices totaled over $30,000.  On Berry's phone, investigators found pictures of an auction flyer and two checks.  Berry's name appeared on the flyer, and 18 pistols, 3 shotguns, and 65 rifles were listed for auction.  And the checks were made out to Berry; the balance of the first was $53,922.65 and the balance of the second was $126.45.  Both specified that they were for "Gun Auction."

In November 2024, the Government indicted Berry on one count of willfully engaging in the business of dealing firearms without a license.  The Government later filed a three-count superseding indictment.  Berry pled guilty to Count 3 of the superseding indictment, which charged him with making a false statement in the acquisition of a firearm—namely that he was not a marijuana user, when, in fact, he was.  His plea agreement acknowledged that the Government could offer, and the court could consider, all relevant information regarding Berry's background, character, and conduct, including conduct underlying the dismissed counts.

At sentencing, the district court adopted the United States Probation Office's Presentence Investigation Report (PSR).  The PSR calculated Berry's total offense

level as 25 and his criminal history as Category I, resulting in a United States Sentencing Guidelines range of 57 to 71 months' imprisonment. The district court sentenced him to 48 months' imprisonment. Berry appeals. First, he argues that the district court procedurally erred in imposing a sentence based on clearly erroneous facts. Second, he contends that the district court abused its discretion by giving significant weight to an improper 18 U.S.C. § 3553(a) sentencing factor, which caused it to impose a substantively unreasonable sentence.

## II.

"We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Neri, 73 F.4th 984, 988 (8th Cir. 2023) (citation omitted).

## A.

First, Berry argues that the district court procedurally erred when, on the record, it based its sentence in part on erroneous facts surrounding the nature and circumstances of Berry's offense—namely, its finding that Berry was willfully engaged in the business of dealing firearms. He maintains that the facts showed only that he purchased, traded, and sold firearms as a hobby. The Government contends that this finding is not clearly erroneous.

"'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). "[W]e review a district court's factual findings for clear error and its interpretation and application of the [G]uidelines de novo." United States v. Marshall, 891 F.3d 716, 719 (8th Cir. 2018)

(citation omitted). "[A] district court finding 'without record support [is] clearly erroneous.'" United States v. Richey, 758 F.3d 999, 1002 (8th Cir. 2014) (second alteration in original) (emphasis omitted) (citation omitted).

The Supreme Court has long held that courts may consider a broad range of relevant conduct in imposing an appropriate sentence. United States v. Watts, 519 U.S. 148, 151 (1997) (per curiam). "Relevant conduct includes all acts and omissions of the defendant that were part of the same course of conduct or common scheme or plan as the offense of conviction." United States v. Hogue, 66 F.4th 756, 765 (8th Cir. 2023) (citation omitted).

Examining the entire record, we conclude that the district court did not procedurally err. As an initial matter, the premise of Berry's argument is flawed. He does not identify any clearly erroneous factual finding that the district court made. While he argues that the facts found by the district court were insufficient to establish that he willfully violated 18 U.S.C. § 922(a)(1)(A) by engaging in dealing firearms, the district court did not make such a finding. Rather, the district court acknowledged that there were two reasonable interpretations of the evidence in this case: one being that Berry was merely a firearms hobbyist and another that he was running a commercial operation in selling and purchasing firearms. It considered both parties' accounts and concluded that Berry operated a business, which it took into account when imposing Berry's below-Guidelines sentence. This finding was not clearly erroneous. See United States v. Plancarte-Vazquez, 450 F.3d 848, 854 (8th Cir. 2006) ("[W]here there are two permissible views of the evidence, the district court's choice between the two cannot be clearly erroneous." (citation omitted)).

Indeed, the district court supported its conclusion with the following facts: Berry purchased lower receivers—metal pieces with serial numbers—which are not typically collected in bulk; Berry added parts to these receivers to make them into operable firearms, which he then sold at gun shows or auctions; and he netted almost $54,000 from one auction. The district court reasoned that these activities

resembled a commercial operation because "[a] business buys commodities and refines them. A business refines raw materials and assembles them." Further, the district court noted that Berry failed to obtain a license to sell guns, and some purchasers prefer to buy from unlicensed sellers because they want to avoid the paperwork and regulatory requirements applicable to licensed dealers.

Although the district court did not expressly mention it, Berry also lacked stable employment. He described his current work as "selling gun parts" and "ammunition," among other things. And his former employer testified that "as far as holding a job, no, [Berry] doesn't" and explained that Berry instead gets his money from gun sales. Considering this evidence, we conclude that the district court's finding that Berry engaged in the business of buying and selling firearms was more than adequately supported by the record. Contrary to Berry's assertions, the district court need not, nor did it, determine that his conduct satisfied every element of 18 U.S.C § 922(a)(1)(A). It merely considered facts relevant to § 922(a)(1)(A) to provide context for the § 922(a)(6) statute that he pled guilty to violating. As such, we conclude that the district court did not procedurally err.

B.

Berry's argument that his sentence is substantively unreasonable mirrors his claim that the district court procedurally erred. He contends the district court abused its discretion by giving significant weight to the fact that he was willfully engaged in the business of dealing firearms without a license.

We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Feemster, 572 F.3d at 461 (citation omitted). A district court abuses its discretion when it: (1) "fails to consider a relevant factor that should have received significant weight," (2) "gives significant weight to an improper or irrelevant factor," or (3) "commits a clear error of judgment in weighing" the appropriate factors. United States v. McCauley, 715 F.3d 1119, 1126-27 (8th Cir. 2013) (citation omitted). "[I]t will be the unusual case when we

reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464 (citation omitted). And "where a district court has sentenced a defendant below the advisory guidelines range, 'it is nearly inconceivable that the court abused its discretion in not varying downward still further.'" United States v. Moore, 581 F.3d 681, 684 (8th Cir. 2009) (citation omitted).

In fashioning Berry's sentence, the district court discussed the relevant evidence, including that Berry was engaged in the business of buying and selling firearms. See United States v. Gasaway, 684 F.3d 804, 807 (8th Cir. 2012) (explaining that under § 3553(a) the district court is required, among other things, to consider the "need for the sentence imposed" and the sentence must "reflect the seriousness of the offense"). As noted above, this finding was not clearly erroneous, and the district court did not abuse its discretion in considering this fact when imposing a below-Guidelines sentence. See United States v. Spratt, 141 F.4th 931, 939 (8th Cir. 2025) (explaining that "disagreement with how the district court weighed the various sentencing factors, alone, is not enough to show an abuse of discretion").

III.

For the foregoing reasons, we affirm the judgment of the district court.
_____